IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NUMBER 3:04CV135-mcK |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| BRADCO SUPPLY CORPORATION, | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Michael Rivera who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Michael Rivera was subjected to a hostile work environment due to his race (Hispanic) and national origin (Puerto Rican) by Bradco Supply Corporation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.



## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Bradco Supply Corporation, (the "Defendant"), has continuously been a New Jersey corporation doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michael Rivera filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around February 2002 until around July 2003, Defendant engaged in unlawful employment practices at its Charlotte, North Carolina facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). The unlawful practices included subjecting Michael Rivera to a hostile work environment due to his race and national origin. The hostile work environment included a co-worker referring to Michael Rivera as "taco," "burrito," and by other derogatory names. Although Defendant received complaints about the harassment, and otherwise knew or reasonably should have known about the harassment, Defendant failed to take

appropriate action to stop it.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Michael Rivera of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and national origin.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Michael Rivera.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in harassment, and any other employment practice which discriminates on the basis of race or national origin.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Hispanics, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Michael Rivera by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

D. Order Defendant to make whole Michael Rivera by providing compensation for

3

past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Michael Rivera punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

LYNETTE A. BARNES
Acting Regional Attorney
KIRK J. ANGEL
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: 704.344.6878

4