FILED
04 MAR 26 PM 3:25
U.S. D...
W. DIS... ...RT
...N.C.

RECEIVED
CHARLOTTE, N.C.
MAR 24 2004
Clerk, U. S. Dist. Court
W. Dist of N. C.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  <br><br>Plaintiff,  <br><br>v.  <br><br>BRADCO SUPPLY CORPORATION,  <br><br>Defendant. | CIVIL ACTION NUMBER  <br><br>3:04 CV 135 - McK |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "EEOC" or "Commission") instituted this action seeking relief for Michael Rivera, pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The Commission and Defendant (collectively "the Parties") stipulate to jurisdiction of the Court over them and agree that the subject matter of this action is properly before the Court.

The parties have advised the Court that they desire to resolve this action without the burden, expense, and delay of contested litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 13 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:




1. Defendant shall not discriminate against any employee on the basis of race or national origin within the meaning of Title VII, and specifically shall not subject employees to harassment based on race or national origin in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under any of the foregoing statutes.

3. Defendant shall pay the sum of One Hundred Thousand Dollars ($100,000) to Michael Rivera, in settlement of the claims raised in the Complaint filed by the EEOC. Defendant shall make payment by issuing a check payable to Michael Rivera's attorneys, Hall & Horne. Payment shall be made within ten (10) days after entry of this Consent Decree by the Court. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Acting Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202 a copy of the check and proof of the delivery of same.

4. Defendant agrees to eliminate from the employment records of Michael Rivera any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2003-00884 and the related events that occurred thereafter. Within 10 days of taking this action, Defendant will notify the EEOC that this action has been completed.

5. Defendant shall provide Michael Rivera with a neutral letter of reference for the purposes of obtaining employment.

6. Defendant shall institute and implement an anti-harassment policy and procedure. As part of that implementation, Defendant shall provide a training program to all of its managers,

2

supervisors and employees. The training program shall include an explanation of the requirements of Title VII and its prohibition against race and national origin discrimination in the workplace, including harassment based on race or national origin. Each training program shall also cover Defendant's anti-harassment policy and procedure and an explanation of the rights and responsibilities of employees and managers under the policy and procedure. The first training program shall be completed within ninety (90) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. During the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Consent Decree, in a place where it is visible to all employees at its Charlotte facility. If the posted Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) days of the entry of the Consent Decree, Defendant shall certify to the Commission that the Notice has been posted.

8. Defendant shall provide the Commission with semi-annual reports, for its Charlotte facility, during the term of this Consent Decree. The reports shall include the following information: (a) the identities of all individuals who have complained of race or national origin discrimination, as well as harassment based on race or national origin, including by way of identification each individual's name, race, national origin, address, telephone number, position, supervisor and social security number; (b) a detailed statement of the individual's complaint; (c) the identity of the person who allegedly harassed or discriminated against the

3

individual; and (d) the action taken in response to the individual's complaint. Defendant shall submit the first such report to the Commission four (4) months after the entry of this Consent Decree and every six (6) months thereafter during the term of this Consent Decree.

9. Defendant agrees that the Commission may monitor compliance with this Consent Decree. As a part of such agreement, the Commission may inspect Defendant's premises, interview employees and examine and copy documents.

10. If at anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall then have ten (10) days in which to investigate and respond to the allegations. Thereafter, the Commission and Defendant shall have a period of five (5) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

12. The Parties shall each bear their own costs and attorney's fees.

13. This Court shall retain jurisdiction of this action for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

March 26, 2004
Date

*[signature]*
United States District Judge

4

The parties jointly request that the Court approve and enter this Consent Decree:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BRADCO SUPPLY CORPORATION |
|---|---|

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

By: *[signature]*
LYNETTE A. BARNES
Acting Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone 704.344.6878
Facsimile 704.344.6780

By: *[signature]*
KIRK J. ANGEL
Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone 704.344.6888
Facsimile 704.344.6780

By: *[signature]*
PHILIP M. VAN HOY
VAN HOY, REUTLINGER, ADAMS
& DUNN
737 East Boulevard
Charlotte, North Carolina 28203
Telephone 704.375.6022
Facsimile 704.375.6024

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NUMBER |
| Plaintiff, | ) ) ) | _____ |
| v. | ) ) ) | |
| BRADCO SUPPLY CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered in the above-styled case. Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, national origin, sex, color, religion, disability or age (40 and over) with respect to hiring, promotion, discipline, firing, compensation, or other terms, conditions or privileges of employment. In barring race and national origin discrimination, Federal law prohibits harassment based on race or national origin. Prohibited harassment based on race or national origin includes subjecting employees to comments or conduct that culminates in a tangible job action (such as discharge) or creates a hostile and offensive working environment based on race or national origin. Federal law also prohibits retaliation against any employee or applicant for employment because the individual has opposed discriminatory employment practices.

Bradco Supply Corporation ("Bradco") supports and will comply with such federal law in all respects and will not take action against employees because they have exercised their rights under the law. Specifically, Bradco will not discriminate against or harass any employee because of race or national origin.

Bradco has adopted an equal employment opportunity policy and procedure and will ensure that all management, supervisors, and other employees abide by the requirements of that policy. Bradco will take all actions required by the United States District Court, including the payment of monetary relief to the aggrieved individual, and the posting of this notice.

If you believe that you have been discriminated against, or harassed, based on your race or national origin, you should report the discriminatory conduct promptly to Bradco, or to the U.S. Equal Employment Opportunity Commission.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL:** _____, 2006.

_____  _____
Date  for Bradco Supply Corporation

APPENDIX A

United States District Court
for the
Western District of North Carolina
March 26, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:04-cv-00135

True and correct copies of the attached were mailed by the clerk to the following:

Kirk J. Angel, Esq.
Equal Employment Opportunity Commission
129 West Trade St.
Suite 400
Charlotte, NC  28202-2799

```
cc:
Judge                       ( )
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____        ( )
```

Date: 3-29-04

Frank G. Johns, Clerk
By: _____
Deputy Clerk